**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Bing William AHENAKEW,**
**Defendant—Appellant.**

**No. 07–30374.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed April 1, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eric Vincent Carroll, Esquire, Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Bing William Ahenakew appeals from his jury-trial conviction and 37–month sen-

** This disposition is not appropriate for publication and is not precedent except as provid-

tence imposed for assault resulting in serious bodily injury to an individual under 16 years of age, in violation of 18 U.S.C. §§ 113(a)(6), (a)(7), and 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ahenakew contends that the district erred by denying his motion for acquittal under Federal Rule of Criminal Procedure 29. In particular, he contends that the government did not establish beyond a reasonable doubt that: (1) he was responsible for the injuries of the victim; and (2) serious bodily injury occurred. We conclude that the evidence, when viewed in the light most favorable to the government, was sufficient such that any rational trier of fact could have found that Ahenakew was responsible for the injuries beyond a reasonable doubt. *See United States v. Si,* 343 F.3d 1116, 1124 (9th Cir.2003). We further conclude that the government sufficiently established, through the testimony of two expert witnesses, that the victim suffered from serious bodily injury. *See id.; see also United States v. Johnson,* 637 F.2d 1224, 1246 (9th Cir.1980).

Ahenakew next contends that the district court erred by applying a two-level vulnerable victim upward adjustment to his sentence. We conclude that the district court did not err in finding that the victim's extreme youth and small size, among other factors, rendered him an unusually vulnerable victim. *See United States v. Wright,* 373 F.3d 935, 943 (9th Cir.2004).

**AFFIRMED.**